[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10601

Non-Argument Calendar

_____

JOAO BATISTA DOS SANTOS,
IRENE GONCALVES DE ALMEIDA,
NICOLAS GONCALVES DOS SANTOS,
RAFAELA GONCALVES DOS SANTOS,

                                                            Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                                            Respondent.

Opinion of the Court 24-10601

———————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A220-555-094

———————————————

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Joaõ Batista Dos Santos and his wife and minor children petition this Court for review of the denial of his application[1] for asylum and withholding of removal. The Immigration Judge (IJ) denied relief because she found Batista Dos Santos failed to show past persecution or a well-founded fear of future persecution, and his asserted social group was not cognizable under the Immigration and Nationality Act. The Board of Immigration Appeals (BIA) affirmed without opinion. After review,[2] we deny the petition.

———————————————

[1] Batista Dos Santos's wife and children are derivative beneficiaries of his asylum claim. They did not file their own applications for relief.

[2] When the BIA affirms the IJ's decision without opinion, "we review the IJ's decision as if it were the BIA's." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007) (quotation marks omitted). "The IJ's findings of fact are reviewed under the substantial evidence test, and we must affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005) (quotation marks omitted, alteration adopted). "Under this highly deferential standard of review, the IJ's decision can be

To be eligible for asylum, an applicant must prove he is a "refugee," meaning he "is unable or unwilling to return to" his home country or avail himself of its protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A). To qualify for withholding of removal, an applicant must show he was persecuted in, or if removed would more likely than not be persecuted in, the country of removal on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A); *Cendejas Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013).

Persecution is "an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotation marks omitted); *see also Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1233 (11th Cir. 2007) (holding death threats, attempt to murder noncitizen by shooting at his moving car, and attempt to kidnap his daughter compelled finding of past persecution); *but see Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1171, 1174 (11th Cir. 2008) (holding a minor beating and 36-hour detention, with threat of future imprisonment, did not compel finding of past persecution). In determining whether a noncitizen has suffered past persecution, we must consider the cumulative mistreatment the petitioner

---

reversed only if the evidence compels a reasonable fact finder to find otherwise." *Id.* (quotation marks omitted).

suffered. *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1008 (11th Cir. 2008). Threats to others may be evidence the petitioner suffered persecution if those acts concomitantly threaten the petitioner. *Id.* at 1009 n.7.

A noncitizen need not have been physically harmed to prove persecution. *Sanchez Jimenez*, 492 F.3d at 1233. Attempted murder categorically "is persecution," *id.*, and so is a "credible death threat by a person who has the immediate ability to act on it," *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1333-34 (11th Cir. 2010) (finding persecution when noncitizen was beaten, detained, and "threatened with death by the same soldiers who had already killed his brother"); *see also De Santamaria*, 525 F.3d at 1008-10 (finding persecution when noncitizen was dragged from her car by the hair, "beaten, kidnapped, and warned of her imminent murder"). However, mere harassment, even by death threats, is not persecution. *Sepulveda*, 401 F.3d at 1231 (holding menacing phone calls and death threats to noncitizen, her brother, and other members of student group did not compel finding of persecution when she was not target in bombing of her workplace); *see also Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (holding a death threat and threatening anonymous phone calls, without more, were merely harassment).

We deny Batista Dos Santos's petition because (1) substantial evidence supports the IJ's past persecution finding, and (2) Batista Dos Santos failed to exhaust a challenge to the IJ's future

persecution finding.[3]  As to past persecution, the mistreatment Batista Dos Santos reported focused on his wife rather than himself. But even assuming that all the mistreatment to which he and his wife testified posed concomitant threats to him, the record does not compel a finding of past persecution, as no one in the family suffered any physical harm and the only mistreatment they reported was a verbal threat passed on by friends and one instance of intimidation his wife suffered when she was followed by a motorcycle while walking to work.  Viewed in the light most favorable to the IJ's decision, these instances of threats and intimidation are insufficient to compel a finding of persecution.  *See Sepulveda*, 401 F.3d at 1230-31; *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*) (stating we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision").

As to future persecution, Batista Dos Santos failed to exhaust a challenge to the IJ's finding.  To obtain review of a final order of removal, a noncitizen must have "exhausted all administrative remedies available . . . as of right."  8 U.S.C. § 1252(d)(1).  Before the BIA, Batista Dos Santos argued only that he suffered past persecution on account of a valid particular social group.  He made no mention of the IJ's finding he failed to show a well-founded fear of future persecution.  Failure to exhaust is not jurisdictional, but the

---

[3] Because he failed to show past persecution or a well-founded fear of future persecution, we need not address Batista Dos Santos's challenge to the IJ's conclusion that his asserted social group was not cognizable.

Government asserted it in its brief, so we enforce it. *Santos-Zacaria v. Garland*, 598 U.S. 411, 419, 423 (2023) (explaining the exhaustion requirement is a nonjurisdictional "claim-processing rule" that is "subject to waiver and forfeiture"); *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (stating we will enforce the claim-processing rule, however, when a party asserts it).

**PETITION DENIED.**